1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
   KENT R. RAYGOR, Cal. Bar No. 117224
2  VALERIE E. ALTER, Cal. Bar No. 239905
   1901 Avenue of the Stars, Suite 1600
3  Los Angeles, California 90067-6017
   Telephone:  (310) 228-3700
4  Facsimile:  (310) 228-3701
   E-mail:     kraygor@sheppardmullin.com
5              valter@sheppardmullin.com

6  Attorneys for Defendant and Counterclaimant BUZZMEDIA

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  WESTERN DIVISION

11

12  MAVRIX PHOTO, INC., a Florida
    Corporation,

13                 Plaintiff,

14        v.

15  BUZZ MEDIA, INC.;
    WWW.HOLLYWOODTUNA.COM, a
16  business form unknown;
    WWW.WWTDD.COM, a business form
    unknown; WWW.CELEBSLAM.COM,
17  a business form unknown;
    WWW.THESUPERFICIAL.COM, a
18  business form unknown; and DOES 1-10
    INCLUSIVE,

19
                   Defendants.
20

21  BUZZMEDIA, a California corporation,

22                 Counterclaimant,

23        v.

24  MAVRIX PHOTO, INC., a Florida
    corporation,

25
                   Counterdefendant.
26

27

28

---

Case No. CV 11-01910 ODW (PLAx)

**DEFENDANT AND
COUNTERCLAIMANT
BUZZMEDIA'S:**

**(1)  ANSWER TO COMPLAINT;**

**(2)  COUNTERCLAIMS AGAINST
     MAVRIX PHOTO, INC. FOR:**

    **(a)  DECLARATORY
          JUDGMENT;**

    **(b)  BREACH OF CONTRACT;**

    **(c)  CONTRACTUAL BREACH
          OF THE COVENANT OF
          GOOD FAITH AND FAIR
          DEALING;**

    **(d)  RESTITUTION FOR UNJUST
          ENRICHMENT; AND**

**(3)  DEMAND FOR JURY TRIAL.**

Complaint filed:   March 4, 2011

1
2
3    For its *Answer* to the *Complaint* by Mavrix Photo, Inc. ("**Plaintiff**"),
4    defendant BUZZMEDIA admits, denies, and avers as follows:
5
6    ## "JURISDICTION AND VENUE"
7
8    1.    Paragraph 1 of the *Complaint* contains mere legal argument and
9    conclusions to which no response is required.  To the extent a response is required,
10   BUZZMEDIA denies the allegations in Paragraph 1 of the *Complaint*.
11
12   2.    Paragraph 2 of the *Complaint* contains mere legal argument and
13   conclusions to which no response is required.  To the extent a response is required,
14   BUZZMEDIA denies the allegations in Paragraph 2 of the *Complaint*.
15
16   ## "PARTIES"
17
18   3.    BUZZMEDIA lacks knowledge or information sufficient to form a
19   belief as to the truth of the allegations in Paragraph 3 of the *Complaint*, and,
20   accordingly, denies such allegations.
21
22   4.    BUZZMEDIA denies that its name is Buzz Media, Inc.
23   BUZZMEDIA admits the other allegations in Paragraph 4 of the *Complaint*.
24
25   5.    BUZZMEDIA lacks knowledge or information sufficient to form a
26   belief as to the truth of the allegations in Paragraph 5 of the *Complaint*, and,
27   accordingly, denies such allegations.
28

W02-EAST:LRJ200399484.2                    -2-

1       6.     BUZZMEDIA admits that www.wwtdd.com and

2 www.thesuperficial.com are internet celebrity magazines, they receive Internet traffic

3 from California, and they earn money from advertising. Except as expressly

4 admitted, BUZZMEDIA denies the remaining allegations of Paragraph 6 of the

5 *Complaint.*

6

7       7.     Paragraph 7 of the *Complaint* contains mere legal argument and

8 conclusions to which no response is required. To the extent a response is required,

9 BUZZMEDIA denies the allegations in Paragraph 7 of the *Complaint.*

10

11       8.     Paragraph 8 of the *Complaint* contains mere legal argument and

12 conclusions to which no response is required. To the extent a response is required,

13 BUZZMEDIA denies the allegations in Paragraph 8 of the *Complaint.*

14

15       **"FACTS COMMON TO ALL COUNTS"**

16

17       9.     BUZZMEDIA lacks knowledge or information sufficient to form a

18 belief as to the truth of the allegations in Paragraph 9 of the *Complaint*, and,

19 accordingly, denies such allegations.

20

21       10.     BUZZMEDIA admits that it operates celebrity magazines at the

22 websites www.wwtdd.com and www.thesuperficial.com, California residents have

23 viewed those websites, and it earns money from advertising. Except as expressly

24 admitted, BUZZMEDIA denies the remaining allegations of Paragraph 10 of the

25 *Complaint.*

26

27

28

1    11.    BUZZMEDIA lacks knowledge or information sufficient to form a
2  belief as to the truth of the allegations in Paragraph 11 of the *Complaint*, and,
3  accordingly, denies such allegations.

4

5    12.    BUZZMEDIA admits that at the end of April 2008, the websites
6  www.wwtdd.com and www.thesuperficial.com displayed photographs of Stacey
7  Ferguson AKA Fergie.  Except as expressly admitted, BUZZMEDIA denies the
8  remaining allegations of Paragraph 12 of the *Complaint*.

9

10    13.    BUZZMEDIA admits that it operates www.buzznet.com and a
11  number of other websites.  Except as expressly admitted, BUZZMEDIA denies the
12  remaining allegations of Paragraph 13 of the *Complaint*.

13

14    14.    BUZZMEDIA admits that it entered into an agreement with
15  Plaintiff in December 2008 (the "*Agreement*") and that Plaintiff attached a copy of
16  that *Agreement* as Exhibit A to Plaintiff's *Complaint*.  The remainder of the
17  allegations in this Paragraph consist of Plaintiff's summary of the *Agreement*, to
18  which no response is required.  To the extent a response is required, BUZZMEDIA
19  denies the remaining allegations in Paragraph 14 of the *Complaint*.

20

21    15.    BUZZMEDIA denies the allegations in Paragraph 15 of the
22  *Complaint*.

23

24    **"FIRST CLAIM FOR RELIEF**
25    **[Copyright Infringement, 17 U.S.C. § 501, Against All Defendants]"**

26

27    16.    BUZZMEDIA incorporates its responses to Paragraphs 1-15 of the
28  *Complaint*.

17.     BUZZMEDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the *Complaint*, and, accordingly, denies such allegations.

18.     BUZZMEDIA denies the allegations in Paragraph 18 of the *Complaint*.

19.     BUZZMEDIA denies the allegations in Paragraph 19 of the *Complaint*.

20.     BUZZMEDIA denies the allegations in Paragraph 20 of the *Complaint*.

21.     BUZZMEDIA denies the allegations in Paragraph 21 of the *Complaint*.

22.     BUZZMEDIA denies the allegations in Paragraph 22 of the *Complaint*.

23.     BUZZMEDIA denies the allegations in Paragraph 23 of the *Complaint*.

24.     BUZZMEDIA denies the allegations in Paragraph 24 of the *Complaint*.

25.     BUZZMEDIA denies the allegations in Paragraph 25 of the *Complaint*.

## "SECOND CLAIM FOR RELIEF

## [Breach of Contract Against Buzznet]"

26.     BUZZMEDIA incorporates its responses to Paragraphs 1-15 of the *Complaint*.

27.     In response to Paragraph 27 of the *Complaint*, BUZZMEDIA admits that it entered into the *Agreement* with Mavrix.

28.     BUZZMEDIA denies the allegations in Paragraph 28 of the *Complaint*.

29.     BUZZMEDIA denies the allegations in Paragraph 29 of the *Complaint*.

30.     BUZZMEDIA denies the allegations in Paragraph 30 of the *Complaint*.

31.     BUZZMEDIA denies the allegations in Paragraph 31 of the *Complaint*.

## "PRAYER FOR RELIEF"

1.     BUZZMEDIA denies that Plaintiff is entitled to the relief sought in Paragraph 1 of the Prayer For Relief.

2.     BUZZMEDIA denies that Plaintiff is entitled to the relief sought in Paragraph 2 of the Prayer For Relief.

1          3.      BUZZMEDIA denies that Plaintiff is entitled to the relief sought

2 in Paragraph 3 of the Prayer For Relief.

3

4          4.      ·BUZZMEDIA denies that Plaintiff is entitled to the relief sought

5 in Paragraph 4 of the Prayer For Relief.

6

7          5.      BUZZMEDIA denies that Plaintiff is entitled to the relief sought

8 in Paragraph 5 of the Prayer For Relief.

9

10         6.      BUZZMEDIA denies that Plaintiff is entitled to the relief sought

11 in Paragraph 6 of the Prayer For Relief.

12

13         7.      BUZZMEDIA denies that Plaintiff is entitled to the relief sought

14 in Paragraph 7 of the Prayer For Relief.

15

16         8.      BUZZMEDIA denies that Plaintiff is entitled to the relief sought

17 in Paragraph 8 of the Prayer For Relief.

18

19                   **AFFIRMATIVE DEFENSES**

20

21      As separate and distinct affirmative defenses to Plaintiff's allegations,

22 BUZZMEDIA alleges as follows:

23

24                   **FIRST AFFIRMATIVE DEFENSE**

25                   **[Failure To State A Claim]**

26

27        1.      Plaintiff's *Complaint*, and each purported claim for relief contained

28 therein, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### [Lack Of Subject Matter Jurisdiction]

2.      Plaintiff has no standing to sue BUZZMEDIA for copyright infringement, thereby depriving this Court of subject matter jurisdiction.  In addition, Plaintiff, by suing BUZZMEDIA for breach of contract, has elected its remedy and has no standing to sue for copyright infringement, without which this Court lacks subject matter jurisdiction.

## THIRD AFFIRMATIVE DEFENSE
### [Fair Use]

3.      BUZZMEDIA's alleged conduct constitutes fair use.

## FOURTH AFFIRMATIVE DEFENSE
### [Estoppel]

4.      Upon information and belief, the *Complaint*, and each purported claim for relief stated therein, is barred by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE
### [Laches]

5.      Upon information and belief, the *Complaint*, and each purported claim for relief stated therein, is barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE
## [Unclean Hands]

6.     Upon information and belief, the *Complaint*, and each purported claim for relief stated therein, is barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE
## [Lack Of Intent]

7.     BUZZMEDIA at all times believed its conduct to be fair and lawful and therefore was done without any specific intent of alleged infringement.

## EIGHTH AFFIRMATIVE DEFENSE
## [Failure To Perform]

8.     Plaintiff's claim for breach of contract is barred based on its own failure to perform its obligations under the *Agreement*.

## OTHER AFFIRMATIVE DEFENSES

9.     BUZZMEDIA presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. BUZZMEDIA reserves the right to assert additional affirmative defenses.

1   Dated:  June 17, 2011          SHEPPARD MULLIN RICHTER & HAMPTON LLP

2

3                                 By _____

4                                          KENT R. RAYGOR

5                                 Attorneys for Defendant BUZZMEDIA

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# COUNTERCLAIMS

For its Counterclaims against Counterdefendant Mavrix Photo, Inc. ("**Mavrix**"), Counterclaimant BUZZMEDIA avers the following:

## THE PARTIES

1.      At all times pertinent to this action, BUZZMEDIA was and is a corporation organized and existing under the laws of California with its headquarters and principal place of business in West Hollywood, California.

2.      According to Mavrix's *Complaint*, at all times pertinent to this action Mavrix was and is a corporation organized and existing under the laws of Florida, with offices in Miami, Florida and West Hollywood, California.

## JURISDICTION AND VENUE

3.      BUZZMEDIA seeks a declaratory judgment regarding, among other things, alleged copyright infringement.  Thus, this Court has original jurisdiction over that counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.  BUZZMEDIA further asserts counterclaims for breach of contract, contractual breach of the implied covenant of good faith and fair dealing, and restitution for unjust enrichment, which arise out of the same transactions or occurrences as its claim for declaratory relief and the claims Mavrix asserts in its *Complaint*.  Thus, those counterclaims are so related to the counterclaim for declaratory relief and the claims asserted in Marvix's *Complaint* that they form part of the same case or controversy under Article III of the United States Constitution.  This Court has supplemental

1 | jurisdiction over BUZZMEDIA's state law counterclaims pursuant to 28 U.S.C.

2 | § 1367(a).

3

4 |        4.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§

5 | 1391(b) and (c) and because Mavrix has consented to venue by filing its *Complaint* in

6 | this district.

7

8 | ## BACKGROUND FACTS

9

10 |        5.     Mavrix and BUZZMEDIA entered into a contract entitled the

11 | *Internet Content License Agreement* made effective as of December 5, 2008

12 | (hereinafter the "*Agreement*").  Pursuant to that *Agreement*, Mavrix and

13 | BUZZMEDIA, among other things, resolved outstanding claims arising from the use

14 | by BUZZMEDIA and websites associated with it of certain photographs of Stacey

15 | Ferguson, aka "Fergie" (hereinafter, the "Accused Photographs"), Mavrix agreed to

16 | provide services and Internet content (primarily photographs) of prescribed quality to

17 | BUZZMEDIA for use by BUZZMEDIA and websites associated with it until January

18 | 4, 2012, and, in exchange, BUZZMEDIA agreed to pay Mavrix a certain amount each

19 | month until the end of the *Agreement's* term.

20

21 |        6.     Mavrix, however, failed to provide the contracted-for services and

22 | Internet content.

23

24 |        7.     On or about December 10, 2010, BUZZMEDIA sent Mavrix a

25 | notice that it was in breach of its obligations under the *Agreement* and a demand that

26 | Mavrix cure that breach.  Mavrix failed to timely cure such breach.

27

28

W02-EAST:LRI\200399484.2

1        8.    On March 4, 2011, Mavrix sued BUZZMEDIA in this action,

2  asserting, among other things, that BUZZMEDIA was in breach of its obligations

3  under the *Agreement*. Mavrix, however, failed to send BUZZMEDIA the notice of

4  breach and demand for cure required by Paragraph 12.1 of the *Agreement*. As a

5  result, Mavrix lacked any basis for commencing this litigation and currently has no

6  good faith basis for continuing this litigation.

7

8        9.    Mavrix attached a copy of the *Agreement* as Exhibit 7 to its

9  *Complaint* filed in this action on March 4, 2011. Mavrix filed that *Complaint* in open

10  court, without filing it under seal, thereby violating the confidentiality requirements

11  stated in Paragraph 8 of the *Agreement*.

12

13       10.    Despite Mavrix's ongoing breaches of the *Agreement*,

14  BUZZMEDIA has performed its obligations under the *Agreement*. Its payments to

15  Mavrix required by the *Agreement* are current and there are no payment obligations to

16  Mavrix currently outstanding. Mavrix, however, unjustly retains those payments

17  despite the fact that it has materially breached the *Agreement*.

18

19       11.    In light of the foregoing, Mavrix's ongoing prosecution of this

20  lawsuit lacks any good faith basis.

21

22                **FIRST CLAIM FOR RELIEF**

23                 **[Declaratory Relief]**

24

25       12.    BUZZMEDIA realleges and incorporates herein by reference the

26  allegations contained in Paragraphs 1 through 11 of these *Counterclaims*, as set forth

27  above.

28

13.     This counterclaim arises from an actual and justiciable controversy between Mavrix and BUZZMEDIA as to the obligations of the parties under the *Agreement*, alleged liability by BUZZMEDIA for copyright infringement and breach of contract, and the validity and enforceability of the copyright claimed by Mavrix.

14.     Therefore, BUZZMEDIA seeks a declaration from this Court of the following:

a.     BUZZMEDIA is not in breach of the *Agreement*;

b.     BUZZMEDIA is not guilty of copyright infringement;

c.     The copyright claimed by Mavrix that underlies Mavrix's copyright infringement claim against BUZZMEDIA, and its alleged work-made-for-hire status, are invalid and unenforceable;

d.     Mavrix is not entitled to enhanced statutory damages pursuant to 17 U.S.C. § 504(c) and Paragraph 9.4 of the *Agreement*;

e.     The statutory damages being sought by Mavrix are limited to the single work allegedly infringed—which consists of a compilation of 84 photographs—and cannot be multiplied by the number of photographs in that compilation;

f.     The maximum damages being sought by Mavrix are limited to the total revenue Mavrix contracted for and expected from the contract if the contract runs its course, minus the sums already paid to Mavrix; and

1     g.     BUZZMEDIA is guilty of neither willful infringement nor gross

2              negligence in connection with the Accused Photographs.

3

4              **SECOND CLAIM FOR RELIEF**

5              **[Breach Of Contract]**

6

7     15.     BUZZMEDIA realleges and incorporates herein by reference the

8  allegations contained in Paragraphs 1 through 14 of these *Counterclaims*, as set forth

9  above.

10

11     16.     Mavrix has materially breached its obligations under the

12  *Agreement* by, among other things:

13

14     a.     Violating its warrant (Paragraph 10.2) that the materials provided

15              by Mavrix would be free from defects in material and

16              workmanship;

17

18     b.     Violating its promise (first paragraph of Schedule 1 to the

19              *Agreement*) to provide "high quality images";

20

21     c.     Failing to cure the diminution in quality and quantity of the

22              materials provided and failing to provide the contracted-for

23              services and product;

24

25     d.     Filing and maintaining suit against BUZZMEDIA in violation of

26              the bar against such actions stated in the last paragraph of

27              Schedule 1 to the *Agreement*;

28

W02-EAST:LRI\200399484.2

e.   Wrongfully terminating the *Agreement*; and

f.   Violating the confidentiality provision in the *Agreement* (Paragraph 8) by attaching it to Mavrix's publicly filed *Complaint*.

17.   BUZZMEDIA has performed all of its obligations under the *Agreement*. Mavrix remains in breach.

18.   As a direct and proximate result of Mavrix's acts of breach of contract as set forth above, BUZZMEDIA has suffered and will continue to suffer injury to its business, goodwill, and property in an amount not presently known.

19.   BUZZMEDIA is entitled to recover from Mavrix all compensatory and consequential damages it has sustained and will sustain as a result of Mavrix's acts of breach of contract as alleged herein. BUZZMEDIA is further entitled to recover from Mavrix the gains, profits, and advantages Mavrix has obtained as a result of the wrongful conduct alleged herein. BUZZMEDIA at present is unable to ascertain the full extent of its damages, or the gains, profits, and advantages that Mavrix has obtained by reason of the wrongful conduct described herein.

## THIRD CLAIM FOR RELIEF
### [Contractual Breach Of The Implied
### Covenant Of Good Faith And Fair Dealing]

20.   BUZZMEDIA realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 19 of these *Counterclaims*, as set forth above.

1           21.    Implied into the *Agreement* was a covenant that Mavrix would not

2    do anything that would deprive BUZZMEDIA of the benefits of the contract, and that

3    Mavrix would perform its obligations under the *Agreement* in such a manner as to

4    ensure that the purposes of the contract were accomplished.

5

6           22.    By its acts and failures to act as alleged herein, Mavrix has

7    breached the implied covenant of good faith and fair dealing and deprived

8    BUZZMEDIA of the benefits of its bargain.

9

10          23.    As a direct and proximate result of Mavrix's acts and failures to act

11   as set forth above, BUZZMEDIA has sustained and will continue to sustain damage.

12   The precise nature and amount of such accrued and continuing damage is not known

13   to BUZZMEDIA and cannot be ascertained by it at the present time.

14

15                                   **FOURTH CLAIM FOR RELIEF**

16                               **[Restitution For Unjust Enrichment]**

17

18          24.    BUZZMEDIA realleges and incorporates herein by reference the

19   allegations contained in Paragraphs 1 through 23 of these *Counterclaims*, as set forth

20   above.

21

22          25.    As a result of Mavrix's acts and failures to act as alleged above,

23   Mavrix either has enjoyed benefits and received revenues, or will enjoy benefits and

24   receive revenues, that it would not otherwise have enjoyed or received.  These

25   benefits and revenues are gained at BUZZMEDIA's expense and do not rightfully

26   belong to Mavrix.

27

28

W02-EAST:LRB2003994842                                  -17-

1    26.    The amount of the benefits and revenues wrongfully realized by
2  Mavrix from its acts and failures to act as alleged herein is unknown to
3  BUZZMEDIA.  BUZZMEDIA is entitled as a matter of equity to restitution of those
4  benefits and revenues wrongfully realized by Mavrix in an amount to be proved at
5  trial.

7                      **PRAYER FOR RELIEF**

9         WHEREFORE, BUZZMEDIA prays for judgment against Mavrix as
10  follows:

12        1.    For compensatory and consequential damages, according to proof
13  at trial.

15        2.    For a declaratory judgment declaring the items set forth in
16  Paragraph 14, above.

18        3.    For the recovery from Mavrix of all damages, gains, profits, and
19  advantages that Mavrix has obtained as a result of the wrongful conduct alleged
20  herein.

22        4.    For costs and expenses, including attorneys' fees pursuant to 17
23  U.S.C. § 505, according to proof at trial.

25        5.    For BUZZMEDIA's recoverable costs of suit.

27        6.    For prejudgment and post-judgment interest.

7.    For such other and further relief as the Court may deem just and proper.

Dated:  June 17, 2011          SHEPPARD MULLIN RICHTER & HAMPTON LLP

By _____
                        KENT R. RAYGOR

                Attorneys for Counterclaimant BUZZMEDIA

# DEMAND FOR JURY TRIAL

Pursuant to FED. R. CIV. P. 38(b) and LOCAL RULE 38-1, defendant and counterclaimant BUZZMEDIA, Inc. demands a trial by jury as to all claims triable of right before a jury.

Dated:  June 17, 2011          SHEPPARD MULLIN RICHTER & HAMPTON LLP

By _____
                    KENT R. RAYGOR

Attorneys for Defendant and Counterclaimant
BUZZMEDIA

200399484.1