Peter R. Afrasiabi (Bar No.193336)
pafrasiabi@onellp.com
Christopher W. Arledge (Bar No. 200767)
carledge@onellp.com
Ian H. Gibson (Bar No. 273444)
igibson@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
West Tower, Suite 1100
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Attorneys for Plaintiff and Counterdefendant,
Mavrix Photo, Inc.

## U.S. DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| MAVRIX PHOTO, INC., a Florida corporation,<br><br>        Plaintiff,<br><br>v.<br><br>BUZZ MEDIA, INC.; WWW.HOLLYWOODTUNA.COM, a business form unknown; WWW.WWTDD.COM, a business form unknown; WWW.CELEBSLAM.COM, a business form unknown; WWW.THESUPERFICIAL.COM, a business form unknown; and DOES 1-10 INCLUSIVE,<br><br>        Defendants. | Case No. 2:11-cv-01910-ODW-RZ<br><br>**PLAINTIFF MAVRIX PHOTO, INC'S REPLY TO BUZZMEDIA'S COUNTERCLAIMS** |

19531.1

**REPLY TO COUNTERCLAIMS**

|   |   |
|---|---|
| 1 | BUZZMEDIA, INC., a California corporation, |
| 2 | |
| 3 | Counterclaimant, |
| 4 | |
| 5 | v. |
| 6 | MAVRIX PHOTO, INC., a Florida corporation, |
| 7 | |
| 8 | Counterdefendant. |

Plaintiff and Counterdefendant Mavrix Photo, Inc. ("Mavrix") through its undersigned counsel, hereby answers the Counterclaims of Defendant-Counterclaimant Buzz Media, Inc. as follows:

1. Mavrix lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 1 and therefore denies the allegations.

2. Admit.

3. Mavrix admits that Buzz Media, Inc. ("Buzzmedia") purports to seek declaratory judgment regarding alleged copyright infringement and Buzzmedia asserts counterclaims for breach of contract, contractual breach of the implied covenant of good faith and fair dealing, and restitution for unjust enrichment.  Mavrix lacks information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 3 and therefore denies the allegations.

4. Mavrix lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 4 and therefore denies the allegations.

5. Mavrix admits that it and Buzzmedia entered into a contract entitled the Internet Content License Agreement made effective as of December 5, 2008 (the "Agreement") and that pursuant to the Agreement Mavrix agreed to provide services and internet content (primarily photographs) to Buzzmedia for use by Buzzmedia and certain associated websites until January 4, 2012 in exchange for Buzzmedia's payment of a certain amount

1 each month until the end of the Agreement's term.  Mavrix lacks information sufficient to
2 form a belief regarding the truth of the remaining allegations in Paragraph 5 and therefore
3 denies the allegations.

4      6.   Deny.
5      7.   Deny.
6      8.   Deny.
7      9.   Deny.
8      10.  Deny.
9      11.  Deny.

## FIRST COUNTERCLAIM

11      12.  Mavrix incorporates its responses above. To the extent this paragraph requires a
12 further admission or denial, Mavrix denies the same.

13      13.  Mavrix lack knowledge or information sufficient to form a belief regarding the
14 truth of the allegations in paragraph 13 and therefore denies the allegations.

15      14.  Mavrix admits that Buzzmedia purports to seek declaratory judgment.
16 However, Mavrix denies the each and every alleged basis for such judgment proffered in
17 paragraph 14.

## SECOND COUNTERCLAIM

19      15.  Mavrix incorporates its responses above. To the extent this paragraph requires a
20 further admission or denial, Mavrix denies the same.

21      16.  Deny.
22      17.  Deny.
23      18.  Deny.
24      19.  Deny.

## THIRD COUNTERCLAIM

26      20. Mavrix incorporates its responses above. To the extent this paragraph requires a
27 further admission or denial, Mavrix denies the same.

28

19531.1      3

**REPLY TO COUNTERCLAIMS**

21. Mavrix admits the existence of a mutual implied covenant of good faith and fair dealing. To the extent this paragraph requires a further admission or denial, Mavrix denies the same.

22. Deny.

23. Deny.

### FOURTH COUNTERCLAIM

24. Mavrix incorporates its responses above. To the extent this paragraph requires a further admission or denial, Mavrix denies the same.

25. Deny.

26. Mavrix lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 13 and therefore denies the allegations.

### PRAYER FOR RELIEF

Mavrix denies that Buzzmedia is entitled to any relief whatsoever, including the relief request by Buzzmedia in its Counterclaims, and therefore denies all allegations and relief request in Buzzmedia's Prayer For Relief.

### COUNTERDEFENDANT'S AFFIRMATIVE DEFENSES

Mavrix asserts the following affirmative and other defenses and reserves the right to amend its Answer as additional information becomes available:

### FIRST ADDITIONAL DEFENSE
### (Failure to State a Claim)

Buzzmedia's Counterclaims fail to state facts sufficient to constitute a claim against Mavrix upon which relief can be granted.

///

### SECOND AFFIRMATIVE DEFENSE

### (Good Faith)

Buzzmedia's Counterclaims are barred, in whole or in part, because Mavrix' conduct was reasonable, justified, in good faith and/or innocent.

### THIRD ADDITIONAL DEFENSE

### (Waiver)

Buzzmedia's Counterclaims are barred in whole or in part by the doctrine of waiver.

### FOURTH ADDITIONAL DEFENSE

### (Estoppel)

Buzzmedia's Counterclaims are barred in whole or in part by the doctrine of estoppel.  Mavrix is informed and believes and on such information and belief alleges that by reason of conduct of Buzzmedia, which constitutes a breach of contract, tortious conduct, waiver, unclean hands, and/or laches, Buzzmedia is estopped to assert any right to relief.

### FIFTH ADDITIONAL DEFENSE

### (Laches)

Buzzmedia's Counterclaims are barred in whole or in part by the doctrine of laches. Mavrix alleges that Buzzmedia waited an unreasonable period of time before taking action and is barred from pursuing those claims set forth in Buzzmedia's Counterclaims due to laches.

### SIXTH ADDITIONAL DEFENSE

### (Mitigation)

The damage suffered by Buzzmedia if any, was aggravated by Buzzmedia's failure to use reasonable diligence to mitigate any such damage.

### SEVENTH ADDITIONAL DEFENSE

### (Contributory Negligence)

The damage suffered by Buzzmedia, if any, was partially or completely caused by Buzzmedia's own contributory negligence.

## EIGHTH ADDITIONAL DEFENSE

### (Unclean Hands)

Mavrix alleges that, by virtue of Buzzmedia's unlawful, immoral, careless, negligent and other wrongful conduct, Buzzmedia should be barred from recovering by the equitable doctrine of unclean hands. Mavrix alleges that Buzzmedia failed to act promptly in the factual circumstances upon which Buzzmedia's Counterclaims are based, and Buzzmedia is therefore estopped from asserting any causes of action against Mavrix. Mavrix hereby incorporates, by this reference, all other affirmative defenses set forth herein.

## NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Buzzmedia's Counterclaims are barred by the applicable statutes of limitations.

## TENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Buzzmedia's Counterclaims are barred, in whole or in part, because Buzzmedia has been unjustly enriched. Mavrix alleges that any recovery by Buzzmedia would be unjust and inequitable under the circumstances of the case, as all performance required by Mavrix was duly performed. Buzzmedia would further be unjustly enriched by recovering an amount that was never agreed to by Mavrix.

## ELEVENTH AFFIRMATIVE DEFENSE

### (In Pari Delicto)

Mavrix alleges that Buzzmedia's Counterclaims are barred because Buzzmedia was engaged in acts and courses of conduct that rendered Buzzmedia *In Pari Delicto*.

## TWELFTH AFFIRMATIVE DEFENSE

### (Offset)

The damage suffered by Buzzmedia, if any, is partially or completely offset by the damages caused to Mavrix by Buzzmedia's wrongful acts and/or omissions.

///

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

Mavrix alleges that Buzzmedia's Counterclaims are bared by reason of acts, omissions, representations, and/or courses of conduct engaged in by Buzzmedia by which Mavrix was led to rely to its detriment, thereby barring under the Doctrine of Equitable Estoppel any causes of action asserted by Buzzmedia.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Bad Faith)

Mavrix alleges that Buzzmedia's and/or others unlawful, unreasonable and illegal actions and activities done in bad faith, fraud and/or negligence bar any recovery against Mavrix.  Mavrix hereby incorporates, by this reference, all other affirmative defenses stated herein.

### FIFTHTEENTH AFFIRMATIVE DEFENSE

### (Consent)

As a separate and distinct affirmative defense to Buzzmedia's Counterclaims, Mavrix alleges that Buzzmedia consented or impliedly consented to the acts and/or omissions of Mavrix, if any, either expressly or impliedly, of which it now complains on in Buzzmedia's Counterclaims, and as a consequence thereof, Buzzmedia is barred from recovery herein on any and all claims within Buzzmedia's Counterclaims.  Mavrix hereby incorporates, by this reference, all other affirmative defenses stated herein.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Timely Notify)

As a separate and distinct affirmative defense to Buzzmedia's Counterclaims, Mavrix alleges that no act on its part contributed to any damage incurred by Buzzmedia, and that Buzzmedia tailed to timely and adequately notify Mavrix of default, if any.

///

## SEVENTEETH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

Mavrix alleges that its presently has insufficient knowledge or information in which to form belief as to whether it may have additional, as yet unstated, affirmative defenses available. Therefore, Mavrix reserves the right herein to assert additional defenses in the event that discovery or further analysis indicates that such additional defenses would be appropriate.

**WHEREFORE,** Mavrix prays for judgment in its favor as follows:

1. That Buzzmedia takes nothing from Mavrix;
2. For reasonable attorneys' fees;
3. For costs of suit herein; and
4. For such other and further relief as the Court deems just and proper.

Dated:  September 1, 2011                    **ONE LLP**

By: /s/ Peter R. Afrasiabi
    Peter R. Afrasiabi, Esq.
    Attorneys for Plaintiff and Counterdefendant,
    MAVRIX PHOTO, INC.